**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David LaFonte RAY, Sr., Defendant–Appellant.**

No. 01–6275.

United States Court of Appeals, Sixth Circuit.

June 20, 2002.

Before SILER and MOORE, Circuit Judges; STAFFORD, District Judge.*

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

David LaFonte Ray, Sr., appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In March 2001, Ray pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The court sentenced him to 70 months of imprisonment, and three years of supervised release. Ray has filed a timely appeal.

On appeal, Ray's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issue for review: whether the district court improperly failed to state its reasons for denying Ray a reduction for acceptance of responsibility. Ray has not responded to counsel's motion.

Upon review, we conclude that the district court properly sentenced Ray. A defendant may only seek review of his sentence on the grounds that: 1) the sentence was imposed in violation of law; 2) the sentence was imposed as a result of an incorrect application of the guidelines; 3) the sentence represented an upward departure from the applicable guidelines range; or 4) the sentence is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994); *United States v. Lavoie*, 19 F.3d 1102, 1103 (6th Cir.1994).

Ray has not presented any issue which fits these criteria. Ray's total offense lev-

el was 20 and his Criminal History Category score was V. This resulted in a total guidelines imprisonment range of 63–78 months. Thus, Zimmerman's sentence of 70 months was within the applicable guidelines range.

Ray has forfeited consideration of whether or not the district court improperly failed to state its reasoning for not granting him a reduction for acceptance of responsibility because he did not raise it in the district court. *United States v. Wilson*, 168 F.3d 916, 920 (6th Cir.1999). An issue that a defendant has forfeited is reviewed only for plain error. *See id.* Plain error occurs when the error seriously affects the fairness or integrity of judicial proceedings. *See id.* Further, for this court to review for plain error, an error must have occurred in the district court. *See United States v. Reed*, 167 F.3d 984, 988 (6th Cir.1999). Here, counsel acknowledged that he stipulated that no adjustment should be awarded for acceptance of responsibility because Ray had tried to withdraw his guilty plea. Because Ray stipulated that he was not entitled to a reduction for acceptance of responsibility, the district court committed no error for this court to notice when it failed to state its reasons for not granting him such a reduction. *See id.*

In addition, we have reviewed the record and have discovered no error warranting reversal of Ray's conviction. Ray entered a valid guilty plea. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The district court properly accepted Ray's guilty plea. The record reflects that Ray understood the rights he was waiving, he understood the potential penalties associated with his crimes, and he acknowledged his guilt to the crime. Hence, his plea was valid.

Accordingly, we grant counsel's motion to withdraw, and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.